JOURNAL ENTRY and OPINION
I.
 {¶ 1} Defendant-appellant Gary Kennedy pled guilty to an amended indictment that charged him with one count of assault with a peace officer specification and a finding that the officer suffered serious physical harm, a fourth degree felony that carried with it mandatory incarceration; and two counts of assault with peace officer specifications. The court sentenced Kennedy to the maximum sentence (18 months) for each count and ordered the three sentences to run concurrently. Kennedy appeals the sentence.
 II. {¶ 2} Assignment of Error: "The trial court erred by imposing a maximum sentence in violation of R.C. 2929.14 and R.C. 2929.19."
 A. {¶ 3} Kennedy argues that the court improperly imposed the maximum sentence because, although the court did find that Kennedy posed the greatest likelihood of committing future crimes and that he committed the worst form of the offense, the court failed to provide the reasons for so finding. Specifically, Kennedy argues, the trial court should have reviewed R.C. 2929.12(B), "which list[s] the factors considered to be `more serious'" to determine whether those factors were present.
 B. {¶ 4} We review the imposition of sentences under a clear and convincing standard. Therefore, this court will reverse the trial court's imposition of sentences if we find by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G). Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 5} Pursuant to R.C. 2929.14(C), the trial court may impose the maximum prison term "only upon those who committed the worst form of the offense [and] upon offenders who pose the greatest likelihood of committing future crimes * * *." Further, according to R.C. 2929.19(B)(2), the trial court must provide the reasons for imposing the maximum sentence.
 C. {¶ 6} Because the trial court not only made the above findings pursuant to R.C. 2929.14(C), but also supported those findings with reasons, we affirm the imposition of the maximum sentences.
 {¶ 7} First, in support of its finding that Kennedy committed the worst form of the offense, the trial court stated: "the officer did receive serious physical harm, he did have a broken leg as a result of the struggle, which I know that has affected his job in many different ways." The court continued:
 {¶ 8} "And the Court also notes that the injury was caused in the course and scope of a police officer's employment, which is important to me.
 {¶ 9} "We look at all the factors, obviously. First of all, it's mandatory time. Even if we didn't have mandatory time here, he would not be amenable to community control, based upon what happened here, based upon the assaults. Any time a citizen decides to struggle with a lawful arrest by a police officer, we have a situation where officers can get hurt, and have gotten hurt. We have a situation here where Officer Trion did break his leg. And also, Mr. Kennedy, we have a situation where you possibly could have gotten physically hurt * * * seriously, too, andthat's the reason why these are serious offenses." (Emphasis added.)
 {¶ 10} Therefore, the trial court did provide reasons to support its finding that Kennedy committed the worst form of the offense.
 {¶ 11} Second, in support of its finding that Kennedy posed the greatest likelihood of committing future crimes, the court stated: "There is a history of criminal convictions, there is violence in the past. He has done a prison term before. He has failed to respond favorably to sanctions previously imposed. So the recidivism's extremely high." The court therefore supported its findings with reasons, to wit, Kennedy's criminal past and his inability to benefit from previous sanctions.
 {¶ 12} Finally, as to Kennedy's argument that the trial court failed to consider the "seriousness and recidivism factors" in R.C.2929.12, this court has previously held that "[w]here the record is silent, an appellate court may presume that the trial court considered the statutory factors when imposing a sentence." State v. Tucker (Oct. 28, 1999), Cuyahoga App. No. 74950 (citations omitted). This presumption is supported by the trial court's explicit discussion of the serious nature of the assaults and of Kennedy's previous criminal record.
 III. {¶ 13} Simply put, Kennedy has failed to show by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. We therefore affirm the sentence imposed by the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, A.J., and COLLEEN CONWAY COONEY, J., CONCUR.